UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ANDERSON,

        Petitioner,

v.                                                          Case No. 15-cv-10239

MITCH PERRY,                              HON. MARK A. GOLDSMITH

        Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Kevin Anderson has filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging his state convictions for felon in possession of a firearm (felon in possession), Mich. Comp. Laws § 750.224f, carrying a concealed weapon without a permit (CCW), Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony (felony firearm), second offense, Mich. Comp. Laws § 750.227b. Respondent Mitch Perry urges the Court to deny the petition on the basis that the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. See Answer at 31 (Dkt. 10). For the reasons stated below, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and grants leave to proceed in forma pauperis on appeal.

**I. BACKGROUND**

The charges against Petitioner arose from an incident that occurred in Detroit on May 19, 2010. Petitioner was tried before a jury in Wayne County Circuit Court where the evidence established that,

> [i]n the early morning hours of May 19, 2010, defendant admittedly chose to drive under the influence of alcohol. In full view of two Detroit police officers, he rear-ended another vehicle. The officers instructed defendant to remain parked while they talked to the other driver. Instead, defendant drove away. Another patrol vehicle arrived on the scene and stopped defendant's vehicle less than a mile away. The officers noted that defendant appeared intoxicated so they removed him from the vehicle. At that time, one officer saw a revolver sitting on the passenger seat. Another officer conducted a pat-down search and found an empty gun holster on defendant's person. Defendant claimed that the car belonged to his mother and was used by several relatives. He inexplicably denied that he was wearing a gun holster and claimed ignorance that a gun was in the car.

People v. Anderson, No. 301012, 2012 WL 639331, at *1 (Mich. Ct. App. Feb. 28, 2012).

On September 3, 2010, the jury found Petitioner guilty, as charged, of felon in possession, CCW, and felony firearm. The trial court sentenced Petitioner on September 15, 2010, to concurrent terms of two to seven years in prison for the felon-in-possession and CCW convictions and to a consecutive term of five years in prison for the felony-firearm conviction.

On appeal from his convictions, Petitioner argued through counsel that he was denied a fair trial by the admission of prejudicial evidence that he had committed murder in the past and that he refused a sobriety test at the time of his arrest. Appellate counsel also argued that trial counsel was ineffective for failing to object to the evidentiary errors.

In a pro se supplemental brief, Petitioner raised arguments about his trial and appellate attorneys. Petitioner alleged that his trial attorney was ineffective for failing to challenge the warrantless search and seizure and the denial of a prompt arraignment. The Michigan Court of Appeals rejected all of Petitioner's claims and affirmed his convictions and sentences. See Anderson, 2012 WL 639331.

In an application for leave to appeal in the Michigan Supreme Court, Petitioner raised a search-and-seizure claim and two issues about his statement to the police that he had previously killed someone. On September 4, 2012, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Anderson, 819 N.W.2d 868 (Mich. 2012) (table).

On October 15, 2012, Petitioner filed his first habeas corpus petition. See Anderson v. Perry, No. 12-cv-14550 (E.D. Mich. Oct. 15, 2012) (Dkt. 1). Respondent moved for summary judgment and dismissal of the petition on the basis that Petitioner had not exhausted state remedies for any of his claims. Id. (Dkt. 10). Petitioner then moved to hold his petition in abeyance while he exhausted state remedies for his claims. Id. (Dkt. 12). The Court granted Respondent's motion for summary judgment, denied Petitioner's motion to hold his petition in abeyance, and dismissed the petition without prejudice. Id. (Dkt. 13).

Petitioner subsequently returned to state court and filed a motion for relief from judgment in which he raised the ineffective-assistance issues now before this Court. The trial court denied Petitioner's motion on the basis that the issues were raised on direct appeal and could not be re-litigated in the trial court pursuant to Michigan Court Rule 6.508(D)(2). People v. Anderson, No. 10-005910-01-FH (Wayne Cty. Cir. Ct. Feb. 14, 2014). Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." People v. Anderson, No. 321365 (Mich. Ct. App. June 10, 2014).[1] On November 25, 2014, the Michigan Supreme

---

[1] Judge Kurtis T. Wilder, then sitting on the Court of Appeals, voted to deny leave to appeal on the basis that Petitioner had alleged grounds for relief which he could have been raised

Court likewise denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). People v. Anderson, 856 N.W.2d 20 (Mich. 2014) (table).

On January 21, 2015, Petitioner returned to this Court and filed the instant habeas corpus petition. He contends that his trial attorney was ineffective because the attorney: (i) postponed the arraignment to suppress the fact that the arresting officers severely beat him; (ii) failed to file a motion in limine to suppress admission of the weapon; (iii) failed to procure the videotape from the police officers' cruisers; (iv) failed to interview and call the driver of the other vehicle involved in the collision; (v) advised Petitioner not to tell the truth; and (vi) failed to procure evidence that would have proved there was a delay in the arraignment. Pet. at 26 (cm/ecf page). As noted above, the trial court rejected these claims on the basis that the claims were raised on direct appeal, and the State's appellate courts denied leave to appeal the issues under Michigan Court Rule 6.508(D).

## II. STANDARD OF REVIEW

Petitioner raised two of his claims about trial counsel (I.B. and I.F.) in the Michigan Court of Appeals on direct review. As to those claims, 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

previously and because he failed to establish both "good cause" for his omissions and actual prejudice from the alleged irregularities.

4

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories

5

are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. (internal quotation marks omitted). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal courts, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103.

The claims that Petitioner raised for the first time in his motion for relief from judgment (I.A, I.C., I.D., and I.E.) were not adjudicated on the merits. As to those claims, "'AEDPA's deferential standard of review does not apply,'" Barton v. Warden, S. Ohio Corr. Facility, 786 F.3d 450, 460 (6th Cir. 2015) (quoting Williams v. Anderson, 460 F.3d 789, 796 (6th Cir. 2006)), cert. denied sub nom. Cook v. Barton, 136 S. Ct. 1449 (2016), and review is de novo, Maples v. Stegall, 340 F.3d 433, 436 (6th Cir. 2003).

# III. DISCUSSION

All of Petitioner's claims allege ineffective assistance of trial counsel. The clearly established federal law for such claims is Strickland v. Washington, 466 U.S. 668 (1984). Cullen v. Pinholster, 563 U.S. 170, 189 (2011). Under Strickland, a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The "deficient performance" prong of the Strickland test "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

To demonstrate that counsel's performance prejudiced the defense, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' " but "[t]he likelihood of a different result must be substantial, not just conceivable." Harrington, 562 U.S. at 111-12 (quoting Strickland, 466 U.S. at 693). This Court finds for the following reasons that Petitioner was not deprived of effective assistance of counsel and that the state courts' rejection of Petitioner's claims about trial counsel was not contrary to, or an unreasonable application of, Strickland.

**A. Postponement of the Arraignment**

Petitioner alleges that the officers who arrested him violently removed him from his vehicle and beat him. Petitioner claims that his attorney postponed the arraignment so that he could obtain pictures of Petitioner's injuries and help him prove his version of the facts, but then failed to take any pictures. According to Petitioner, postponement of the court proceedings ensured that his injuries were not visible in court, and the refusal to document his injuries was deficient performance, which deprived him of his right to present the defense of his choosing. Pet. at 30-31 (cm/ecf pages).

Petitioner has not established a factual predicate for his allegations that the arresting officers beat him and that his attorney postponed the state-court proceedings to hide evidence of the physical abuse. In the absence of a factual predicate for his ineffective-assistance claim, the claim must be rejected. Vinson v. McLemore, 226 F. App'x 582, 585 (6th Cir. 2007). His conclusory allegations about trial counsel fall short of establishing ineffective assistance of counsel. See Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (rejecting a habeas petitioner's claim about appellate counsel because the petitioner provided no support for his claim and because his allegation was merely conclusory); see also Cross v. Stovall, 238 F. App'x 32, 39–40 (6th Cir. 2007) (concluding that the petitioner's "ineffective assistance claim [was] doomed by the fact she [made] nothing more than conclusory assertions about actual prejudice" and that "[h]er conclusory assertions [fell] far short of showing actual prejudice").

To the extent that Petitioner is asserting an independent claim of excessive force by the police, his claim would be more appropriate in a civil rights action. He is entitled to habeas relief only if he can show that he "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Although "[t]he Fourth Amendment prohibits the use of excessive force by arresting and investigating officers," Smoak v. Hall, 460 F.3d 768,

783 (6th Cir. 2006), Petitioner's contention that police officers severely beat him during his arrest does not implicate the validity of his conviction or the duration of his state-court sentence. "As such, [his] allegations are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief." Hodges v. Bell, 170 F. App'x 389, 393 (6th Cir. 2006). Habeas relief is not warranted on Petitioner's claim.

### B. Failure to Move for Suppression of the Weapon

Petitioner alleges next that trial counsel was ineffective for failing to move to suppress the weapon found in his vehicle. He contends that he was not intoxicated at the time of his arrest and that there was no probable cause to search his vehicle. The Michigan Court of Appeals stated on review of this claim that Petitioner's warrantless arrest was legal and that trial counsel was not ineffective for failing to raise the issue because an objection would have been meritless.

Petitioner admitted at trial that he was drunk when he rear-ended a car on the night of his arrest. (9/3/2010 Trial Tr. at 10.) Thus, there is no merit to Petitioner's claim that he was not intoxicated at his arrest. And to prove that his attorney was ineffective for failing to challenge the search of his vehicle, he must prove (1) that his Fourth Amendment claim is meritorious and (2) there is a reasonable probability that the verdict would have been different absent the excludable evidence. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

The Fourth Amendment ordinarily requires police officers to obtain a warrant before conducting a search. Maryland v. Dyson, 527 U.S. 465, 466 (1999). But there are two exceptions to this requirement:

> [S]earches of vehicles, [Dyson, 527 U.S. at 466], (citing Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925)), and for objects in plain view, Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The automobile exception allows officers to search a vehicle without a warrant if they have "probable cause to believe that the vehicle contains evidence of

9

a crime." United States v. Smith, 510 F.3d 641, 647 (6th Cir. 2007) (citation omitted). . . .

United States v. Galaviz, 645 F.3d 347, 355 (6th Cir. 2011). Probable cause exists when officers view a gun in a car because this constitutes a violation of Mich. Comp. Laws § 750.227. Id. at 357.

> Under the plain-view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." United States v. Herndon, 501 F.3d 683, 692 (6th Cir. 2007) (quoting Dickerson, 508 U.S. at 375, 113 S.Ct. 2130) (quotation marks omitted).

Id. at 355. In simple terms, "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v. United States, 390 U.S. 234, 236 (1968).

Here, police officers lawfully stopped Petitioner because he had left the scene of an accident. See Mich. Comp. Laws § 257.617 (drivers involved in accidents). During the lawful stop and questioning of Petitioner, an officer standing outside Petitioner's car noticed a gun on the passenger's seat of the car. (9/2/10 Trial Tr. at 141-43, 146.) The gun provided probable cause to search Petitioner's car, Galaviz, 645 F.3d at 357, and because the gun was in plain view, the officers were entitled to seize the gun, id. at 355. The officers were lawfully in a position from which to view the gun, its incriminating nature was readily apparent because "it is a crime [in Michigan] to carry a pistol in a vehicle without a firearm license," id. at 356, and the automobile exception to the warrant requirement provided the officers with the right of access to the gun and authority to enter the car, id. at 357.

The search of Petitioner's car and the seizure of the gun were lawful. Therefore, Petitioner's underlying Fourth Amendment claim lacks merit, and trial counsel was not ineffective for failing to move to suppress evidence of the gun on Fourth Amendment grounds. A suppression motion

10

would have been futile, and "failing to make a futile motion is neither unreasonable nor prejudicial." Jacobs v. Sherman, 301 F. App'x 463, 470 (6th Cir. 2008) (citing *Strickland*, 466 U.S. at 687).

### C. Failure to Procure the Officers' Video

Petitioner argues that trial counsel was ineffective for failing to procure the videotape of the traffic stop because the videotape would have proved that the vehicle stop was unconstitutional. The traffic stop, however, was lawful because, as noted above, Petitioner violated state law by leaving the scene of an accident and disobeying an officer's command not to leave. Thus, there was no reason for trial counsel to obtain the videotape, and his failure to do so did not amount to ineffective assistance.

### D. Failure to Interview and Produce the Driver of the Other Vehicle

Petitioner argues next that trial counsel was ineffective for failing to interview and produce as a defense witness the driver of the other vehicle involved in the collision. According to Petitioner, the other driver could have proved his (Petitioner's) version of the incident.

Defense attorneys have "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. But "[a] defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." Millender v. Adams, 376 F.3d. 520, 527 (6th Cir. 2004) (quoting Millender v. Adams, 187 F. Supp.2d 852, 877 (E.D. Mich. 2002) (citing Marra v. Larkins, 111 F. Supp. 2d 575, 585 n. 13 (E.D. Pa. 2000)).

Petitioner was not charged with a traffic violation or with leaving the scene of the accident, and he was arrested about a quarter of a mile from where the collision occurred. Therefore, it is unlikely that the driver of the other vehicle involved in the collision would have had anything to say in support of Petitioner's defense to the gun charges. Petitioner merely speculates that the

11

other driver would have supported his version of the facts, and a defense attorney's failure to pursue a defendant's purely speculative claim does not fall below an objective standard of reasonableness. United States v. Burwell, 83 F. Supp. 3d 6, 12 (D. D.C. 2015). As a result, Petitioner has failed to show that trial counsel was ineffective for failing to produce the driver of the other vehicle.

### E. Advising Petitioner Not to Tell the Truth

In his fifth claim, Petitioner alleges that counsel advised him to testify in conformance with the officers' testimony and that he should not tell the truth on the stand because nobody would believe him. Although the Court agrees with Petitioner that it would be unethical to encourage a client to lie on the stand, Petitioner has not provided the Court with any evidence corroborating the allegation that his attorney encouraged him to lie. Thus, habeas relief is not warranted on Petitioner's subornation-of-perjury claim. His conclusory allegations about trial counsel fall short of establishing ineffective assistance of counsel. Workman, 178 F.3d at 771; Cross, 238 F. App'x at 39–40.

### F. Failure to Procure Evidence

In his sixth and final claim, Petitioner asserts that trial counsel was ineffective for failing to procure evidence of (1) his meeting with a bail bondsman, (2) the date of his blood test, and (3) additional video evidence. Petitioner asserts that these items would have proved there was a delay in arraigning him. The Michigan Court of Appeals rejected this claim on direct review because, in its opinion, counsel lacked a reason to object to a delayed arraignment.

This Court agrees that, even if Petitioner's arraignment was delayed, he has not shown how the delay prejudiced his case. As the Michigan Court of Appeals pointed out, the evidence admitted at Petitioner's trial was gathered contemporaneously with his arrest, and there is no

indication in the record that any evidence was gathered during an unreasonable delay between Petitioner's arrest and his arraignment. Anderson, 2012 WL 639331, at *5. Thus, trial counsel was not ineffective for failing to procure evidence to establish that there was a delay in the arraignment.

**G. Certificate of Appealability and Leave to Proceed In Form Pauperis on Appeal**

Petitioner may not appeal the Court's denial of his habeas petition unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

Reasonable jurists would not debate the Court's assessment of Petitioner's constitutional claims, nor conclude that the issues deserve encouragement to proceed further. The Court, therefore, declines to issue a certificate of appealability. Petitioner nevertheless may proceed in forma pauperis on appeal because the Court granted him in forma pauperis status in this Court (Dkt. 7), and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

**IV. CONCLUSION**

For the reasons stated above, the Court denies the petition for writ of habeas corpus (Dkt. 1), declines to issue a certificate of appealability, and grants leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: January 22, 2018  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2018.

s/Karri Sandusky  
Case Manager